IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20832-CIV-MOORE/WHITE

LEOPOLDO RODRIGUEZ,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**CLOSED CIVIL CASE**

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE; DISMISSING FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244

THIS CAUSE came before the Court upon the *pro se* Movant Leopoldo Rodriguez's Motion Pursuant to Rule 60(b) which is essentially a Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE # 1).

THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge. Magistrate Judge White issued a Report and Recommendation dated April 5, 2007 (DE # 3), noting that the Motion Pursuant to Rule 60(b) (DE # 1) is essentially a Motion to Vacate pursuant to 28 U.S.C. § 2255, and recommending that the motion/case be dismissed for failure to obtain authorization pursuant to 28 U.S.C. §2244(b)(3), and subsequent to a prior denial of a §2255 motion, to bring a second §2255 motion or a Rule 60(b) motion containing a §2255-like claim. Also, Magistrate Judge White indicated that the movant would be provided with a form to apply for such authorization with the report. On April 23, 2007, Movant filed an Objection (DE # 4).

UPON CONSIDERATION of the Motion, and after a *de novo* review of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the *pro se* Movant Leopoldo Rodriguez's Motion Pursuant to Rule 60(b) (DE # 1) and this action are DISMISSED for failure to obtain authorization

pursuant to 28 U.S.C. §2244(b)(3), for the reasons articulated in Magistrate Judge White's Report and Recommendation. This Court finds that the Movant's contention that his Rule 60(b) motion does not contain a "claim" as defined in Gonzalez v. Crosby, 545 U.S. 524 (2005) is not persuasive. Petitioner argues that the Court "misapplied the holdings of a 2 point gun enhancement" and misinterpreted the terms "in connection with" and "possession of a firearm." Movant's Mot. at 1. These arguments are exactly the type of claims frequently brought in §2255 motions, and thus this Rule 60(b) motion is subject to the requirements of 28 U.S.C. §2244(b). Gonzalez, 545 U.S. at 530–31 (recognizing that some "rule 60(b) motion[s] will contain one or more 'claims.' . . . [and] [v]irtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly" and holding the same). It is further

ORDERED AND ADJUDGED that Magistrate Judge White's Report and Recommendation (DE # 3) is ADOPTED. The Clerk is instructed to CLOSE this case. All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of April, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge White
      All counsel of record

      Leopoldo Rodriguez, *pro se*
      Reg. No. 47608-004
      FCI-Jesup
      2680 Highway 301 South
      Jesup, GA 31599